IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| JOHNNY LEE MESHELL §<br>*Plaintiff* §<br>§<br>VS. §<br>§   Civil Action No.:<br>§<br>SHABAD TRANSPORT USA INC. and §<br>CHRISTOPHER SCOTT WILLIAMS §<br>*Defendants* § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Johnny Lee Meshell, complaining of Shabad Transport USA Inc. (hereinafter "Shabad") and Christopher Scott Williams (hereinafter "Williams"), Defendants, and for cause of action would show the Court the following:

### **PARTIES**

1. Plaintiff is an individual who is a resident of Angelina County, Texas. The last three numbers of Plaintiff's driver's license number are 937 and the last three numbers of Plaintiff's social security number are 337.
2. Defendant Shabad is a foreign limited liability company formed and organized under the laws of the State of Indiana with headquarters in the State of Indiana located at 152 Capliner Place, Greenwood, Indiana 46143 and with designated registered agent for service Gurpreet Singh at 920 Wheat Field Lane, New Whitehead, Indiana 46184 or wherever its agents may be found.
3. Defendant Williams is an individual who is a resident of Tennessee and can be served with summons at 3201 Atlas Lane, White Pine, Tennessee 37890-3705 or wherever he may be found.

### **JURISDICTION AND VENUE**

4. Jurisdiction is proper in the Eastern District of Texas under 28 U.S.C. § 1332, in that this is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, and diversity of citizenship exists between the parties.
5. Venue is proper in the Lufkin Division of the District Court for the Eastern Division of the United States as a substantial part of the incident that is the subject of this action occurred in Polk County, Texas.

## REQUEST PURSUANT TO RULE 28 AND MISNOMER

6. To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against that Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answer to this suit, each Defendant answer in its correct legal and assumed name.

7. Plaintiff expressly and specifically invokes his right under Rule 15 of the Federal Rules of Civil Procedure to have the true name of Defendants substituted at a later time upon motion of any party or the Court.

## FACTUAL ALLEGATIONS

8. On or about February 5, 2024, Plaintiff was southbound in the left lane of US Highway 59, Polk County, Texas, in a 2023 Ford F450 truck towing a 2023 trailer.

9. Defendant Williams was also southbound, traveling directly behind Plaintiff in the left lane of US Highway 59 in a 2019 Freightliner truck tractor towing a 2015 Wabash National Corp. trailer while in the course and scope of his employment with Defendant Shabad.

10. In the distance, Plaintiff could see that a collision had occurred and so he began to reduce his speed when Defendant Williams failed to control his speed and collided violently with Plaintiff's trailer and then forced the trailer into Plaintiff's truck.

11. This impact caused Plaintiff's truck to spin counterclockwise and crash into Plaintiff's trailer.

12. As a result of the collision, Plaintiff suffered serious and incapacitating injuries to his head, neck, shoulders, wrists, mid back, low back, left hip, and left knee.

## CAUSES OF ACTION

13. At the time and on the occasion described above, Defendant Williams was guilty of the following acts of negligence:

    a. Failed to operate the commercial motor vehicle as an ordinary prudent person would have done under the same or similar circumstances. Such failure was in violation of TEX. TRANSP. CODE § 545.401 - DRIVING IN A RECKLESS MANNER (a), states "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

    b. Failed to control his speed and failing to properly apply his brakes to his commercial motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to stop in a timely and safe manner and avoid the collision. Such failure was in violation of TEX. TRANSP. CODE § 545.351 – MAXIMUM SPEED REQUIREMENT (a), states, "An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing." (b), states " An operator: (i) May not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing" and (ii), states "Shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care" (c), states "An operator shall, consistent with Subsections (a) and (b), drive at an

      appropriate reduced speed if: (i) The operator is approaching and crossing an intersection or railroad grade crossing; (ii) The operator is approaching and going around a curve; (iii) The operator is approaching a hill crest; (iv) The operator is traveling on a narrow or winding roadway; and (v) A special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions."

    c. Failed to maintain a clear and reasonable distance between Plaintiff's vehicle and Defendant's commercial motor vehicle which would allow Defendant to bring his commercial motor vehicle to a safe stop without colliding into Plaintiff's vehicle. Such failure was in violation of TEX. TRANSP. CODE § 545.062 – FOLLOWING DISTANCE. (a) states, "An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway."

    d. Failed to remain attentive to the road and conditions because awareness was redirected to talking on cell phone, texting or emailing, taking selfies, updating and/or checking social media and vaping and/or smoking while driving. Such failure was in violation of TEX. TRANSP. CODE § 545.4251 – USE OF PORTABLE WIRELESS COMMUNICATION DEVICE FOR ELECTRONIC MESSAGING a, states "In this section: (i) "Electronic message" means data that is read from or entered into a wireless communication device for the purpose of communicating with another person. (ii) "Wireless communication device" has the meaning assigned by Section 545.425" and b, states "An operator commits an offense if the operator uses a portable wireless communication device to read, write, or send an electronic message while operating a motor vehicle unless the vehicle is stopped."

    e. Failed to maintain knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations in violation of 49 C.F.R. § 383.111;

14. Each of the above-described acts of negligence was a proximate cause of the occurrence in question and resulting injuries and damages to the Plaintiff.

## NEGLIGENT ENTRUSTMENT

15. At the time and on the occasion, above-described, Defendant Shabad was independently guilty of the following acts of negligence:
    a. Defendant Shabad owed a duty to the public at large, and to the Plaintiff specifically, upon entrusting one of the company's vehicles to be driven by Defendant Williams to not allow an incompetent or reckless driver to operate said vehicle.
    b. Defendant Shabad knew, or in the exercise of reasonable care, should have known, that their driver, Williams, was an incompetent and/or reckless driver.
    c. As shown above, Williams was negligent in the operation of the vehicle owned and/or operated by Shabad and its negligence in entrusting the vehicle to Williams was the

proximate cause of the accident because Shabad could have reasonably anticipated that an injury would result as a natural and probable consequence of the entrustment.

### NEGLIGENT HIRING, SUPERVISING, TRAINING & RETENTION

16. Defendant Shabad owed a duty to exercise reasonable care to the public at large, and to Plaintiff specifically, when hiring Williams to properly screen, test, and qualify Williams so as to provide for safe operation of vehicles owned and/or operated by Shabad.
17. Furthermore, Shabad owed a duty of ordinary care to the public at large, and to Plaintiff specifically, to adequately screen, train, test, and supervise Williams by remaining knowledgeable about his competence and/or fitness to safely operate vehicles owned and/or operated by Shabad.
18. Shabad breached its duty by failing to use ordinary care in hiring, supervising, training and retaining Williams. Such breaches include, but are not limited to, failure to maintain reasonable or reliable practices, policies, or procedures to ascertain whether Williams was fit and competent to operate a commercial motor vehicle in violation of Section 391.25 of the Federal Motor Carrier Safety Regulations (Annual inquiry and review of driving record).
19. Shabad's breach proximately caused the Plaintiff's injuries.

### NEGLIGENCE PER SE

20. The actions and conduct of Defendants, set out in 12a-e above, are in violation of the traffic laws contained in Chapter 545 of the Texas Transportation Code and Title 49 of Code of Federal Regulations Subchapter B, Part 383, which constitute negligence per se, for which the Plaintiff intends to rely on at the trial, as said negligence per se is a proximate cause of the occurrence in question and resulting damages and injuries to the Plaintiff.

### GROSS NEGLIGENCE

21. The wrong done by Defendants and/or their agents, servants, and officers was aggravated by the kind of conduct for which the law allows imposition of exemplary damages, in the Defendants' conduct, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

### DOCTRINE OF RESPONDEAT SUPERIOR

22. At the time of the collision in question, Defendant Williams an agent, servant and employee of Shabad was in the course and scope of his employment at the time he collided into Plaintiff on the date in question.
23. Specifically, Plaintiff will show that Defendant Shabad had the right to control of all the activities of Defendant Williams at all times material hereto and that these activities included driving the vehicle involved in the collision in question.

*7855    Petition*
*Meshell v. Shabad Transport USA Inc., et al*

24. Accordingly, Defendant Williams was in the course and scope of his employment with Shabad at the time of the collision in question, and therefore, Defendant Shabad is responsible for all of Plaintiff's damages under the doctrine of Respondeat Superior.

## DAMAGES

25. As a result of the above-described negligence and negligence per se, the Plaintiff has been injured in the following respects:
    a. Past physical pain, suffering, and mental anguish;
    b. Physical pain, suffering, and mental anguish;
    c. Hospital, medical, doctor, ambulance and pharmaceutical bills incurred in the past;
    d. Hospital, doctor, medical, and pharmaceutical bills which the Plaintiff will, in all reasonable medical probability, incur in the future;
    e. Physical impairment to the person of the Plaintiff that has been incurred in the past;
    f. Physical impairment to the person of the Plaintiff which, in all reasonable medical probability, he will suffer in the future;
    g. Loss of earnings in the past;
    h. Loss of earning capacity in the future;
    i. Physical disfigurement that said Plaintiff has suffered in the past;
    j. Physical disfigurement that Plaintiff will, in all reasonable medical probability, suffer in the future;
    k. Loss of enjoyment of life in the past; and
    l. Loss of enjoyment of life which, in all reasonable probability, will be incurred in the future.

## INTEREST

26. Plaintiff hereby seeks all pre-judgement and post-judgement interest in the maximum amounts as allowed by law on each separate and individual element of damage.

## PLAINTIFF'S LIFE EXPECTANCY

27. According to the United States Life Tables, 2021 National Vital Statistics Reports; Vol. 72, No. 12, Plaintiff has a life expectancy of 50.1 years, and Plaintiff intends to use a certified copy of the United States Life Tables, 2021 National Vital Statistics Reports; Vol. 72, No. 12, and offer same into evidence at the time of trial.

## REQUEST FOR JURY TRIAL

28. Plaintiff hereby requests a trial by jury.

## FRCP RULE 902 NOTICE

29. Pursuant to Federal Rules of Civil Procedure Rule 902, Plaintiff intends to use all documents produced by the Defendant as authenticated documents.

## REQUEST FOR PRESERVATION

30. The Defendants are hereby given notice that any document, other material, or item, including but not limited to: statements, photos, video, audio, surveillance or security recordings, emails, voicemails, text messages or other electronically stored information, business or medical records, incident reports, periodic reports, financial statements, bills, call slips or records, estimates, invoices, checks, measurements, correspondence, faxes, or other information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## PRAYER

31. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final hearing he obtain judgement against Defendants Shabad and Williams for the injuries and damages sustained by Plaintiff in excess of One Million and No/100 dollars ($1,000,000.00); for pre-judgment interest; for all costs of suit, and for such other and further relief, general and special, legal and equitable, to which he may be entitled to receive.

Respectfully submitted,

**BADDERS LAW FIRM, P.C.**
302 South Bynum
Lufkin, Texas 75904
(936) 632-9377 TELEPHONE
(936) 632-6953 FAX

/s/ Mari Badders
Jeff B. Badders
SBN 01496850
badders@badderslaw.com
Mari E. Badders
SBN 24100030
Mariko.badders@badderslaw.com
*Attorneys for Plaintiff*